UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:14-CV-213-H

ZELTIQ AESTHETICS, INC.                                     PLAINTIFF

V.

MEDSHARE, INC.; *et al.*                                    DEFENDANTS

## MEMORANDUM OPINION AND ORDER

Plaintiff, Zeltiq Aesthetics, Inc., has alleged that Defendants, Medshare, Inc. and some of its subsidiary corporations and employees, have violated Plaintiff's trademarks, deceived the public into believing that its body sculpting treatments are identical to those of Plaintiff's and that the Federal Drug Administration ("FDA") has approved them, when in fact it has not. Specifically, Plaintiff asserts claims for trademark infringement, false advertising and unfair competition, all of which is in violation of certain federal statutes.

In its original complaint, Plaintiff named two individuals, James Faller who is identified as either the general counsel of Medshare or its chief compliance officer; and John Richard, M.D., who is identified as the responsible physician at certain Medshare health centers. Plaintiff's amended complaint does not appear to make any additional allegations or to assert any additional causes of action, but name three additional individual employees of Medshare alleged to have participated in its unlawful activities. Defendants have opposed the motion.

Whether to grant a motion to file an amended complaint such as this is within the sound discretion of the Court. *Troxel Mfg. Co. v. Schwinn Bicycle Co.*, 489 F.2d 968, 970 (6th Cir. 1973). In these circumstances, the Court cannot see that Plaintiff has made a persuasive case that adding additional parties is necessary or helpful. All of the individuals named appear to have

acted as employees or agents of the corporate Defendants.  Adding these persons as parties does

not in anyway appear to facilitate a decision on the merits or ensure that proper relief is available

for Plaintiff.  More likely, the amendment will cause delay, additional expenses for all sides and

unfair prejudice to the additional parties.  None of this would seem to be in Plaintiff's interest

nor is it fair to the individuals involved, who while they may be employees of Medshare, are not

necessary parties to the resolution of this case.

Consequently, because Plaintiff has failed to persuade the Court that the addition of these

parties is necessary and helpful, the Court will exercise its discretion to deny the motion.  Should

their presence as parties later appear necessary, the Court can reconsider its ruling.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Plaintiff's motion for leave to file an amended

complaint is DENIED at this time.

cc:     Counsel of Record